C/M

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
LINIERS CRESPO and LOURDES CRESPO,        :
                                          :       **MEMORANDUM DECISION**
                           Plaintiffs,    :       **AND ORDER**
                                          :
         - against –                      :       13-cv-2388 (BMC) (PK)
                                          :       12-md-2331 (BMC) (PK)
                                          :
MERCK & CO., INC. *et ano.*,              :
                                          :
                           Defendants.    :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiffs *pro se* seek reconsideration of my decision granting summary judgment to defendants. For the reasons stated below, the motion is denied.

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances . . . . The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Van Buskirk v. United Grp. of Companies, Inc., 935 F.3d 49, 54 (2d Cir. 2019) (citation omitted). "It is black letter law that a 'motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.'" Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship, 409 F. App'x 401, 403 (2d Cir. 2010) (citation omitted).

Plaintiffs do not identify any facts or law that I overlooked or that alter my conclusion in dismissing plaintiffs' claims as untimely. Plaintiffs claim that defendants were estopped from

arguing untimeliness because (i) the statutes of limitations were tolled because defendants' fraudulent concealment prevented plaintiffs from discovering their claims, and (ii) defendants did not move to dismiss the claims earlier based on this defense.

As to the first point, the Court applied the discovery rule to toll plaintiffs' claims but found that they were nonetheless untimely. Mr. Crespo had testified under oath at his deposition that he and his physician discussed that Propecia could be the cause of his injuries back in 2009. The Court found that this conversation put plaintiffs on notice of their potential claims for purposes of the discovery rule. Mr. Crespo now claims that he had no idea that his injuries could be linked to Propecia until he saw an attorney advertisement in 2013. This statement contradicts his sworn testimony and does not provide a basis for reconsideration.

As to the second point, defendants did not waive their statute of limitations affirmative defense. They raised the defense in their Answer and appropriately moved for summary judgment on the issue after discovery revealed it to be meritorious.

Plaintiffs' remaining arguments speak to the merits of their claims, which the Court did not reach. Accordingly, there is no basis for reconsideration.

**SO ORDERED.**

                                                                                                                           U.S.D.J.

Dated: Brooklyn, New York
       October 12, 2020